The Honorable Rick Green State Representative 1807 Bunker Hill Drive Van Buren, Arkansas 72956
Dear Representative Green:
I am writing in response to your request for an opinion on the following question:
 Van Buren Public Library — Is this considered a county library or a city library? (The reason: The state auditors have written them up two times back-to-back saying that their petty cash should be handled a different way. The time before they were told they were a county library so they changed their procedure. Now they have been written up saying that that is wrong because they are a city library.)
RESPONSE
I'm sorry, but without more facts concerning the organization of the library or the issue regarding the handling of the petty cash, I am unable to come to any definitive conclusions in response to your question. I can tell you that it appears the Van Buren Library, at least at one time, was a member of the "Crawford County Library System" established pursuant to A.C.A. § 13-2-407 and by an "Interlocal Cooperation Agreement." See generally, A.C.A. §§ 25-20-101 to -108 (Repl. 2002 and Supp. 2003). This office approved the Interlocal Cooperation Agreement in Op. Att'y. Gen. 2000-051. The agreement creates a joint county-city library system. This may be the genesis of the issue you raise regarding its status. I've set out some of the applicable provisions of law and of the agreement below. Local counsel for the library system, who presumably would have access to all the facts, should be consulted for advice on how to comply with relevant state laws.
Section 13-2-407 of the Arkansas Code authorizes the creation of joint county-city public library systems or regional public library systems. The creation is to be evidenced by a "contract, interlocal agreement or other arrangement." A.C.A. § 13-2-407(a)(2). Subsection (a)(3) provides that the "expenses of the regional public library system or the cooperating libraries shall be apportioned between or among the entities concerned on such a basis as shall be agreed upon in the ordinance, contract, arrangement, or interlocal agreement." This statute does not otherwise dictate the handling of finances or, more specifically, the disbursement of petty cash.
This office approved an interlocal agreement between Crawford County and the City of Van Buren entered into pursuant to A.C.A. § 13-2-407 in February of 2000. See Op. Att'y. Gen. 2000-051. The Agreement created the "Crawford County Library System." I do not have any facts to indicate whether this agreement is still in force or whether it has been amended in any way. The agreement provides for a Board of Trustees appointed by the Crawford County Judge and approved by the Crawford County Quorum Court. The Board is empowered to manage the System and is given "exclusive control of the expenditures of all moneys collected to the credit of the library fund. . . ." Agreement at §§ IV and V. The Agreement also states that the Board of Trustees shall "budget and disburse all funds received by it from the appropriate designated authorities of the governmental units participating in this Interlocal Cooperation Agreement." Agreement at § X.
The Agreement also notes, however, that the system is comprised of the "governmental units named as parties hereto and the library facilities owned and operated by them" and that "local library governing bodies shall continue to exist, for the purpose of performing any duties imposed upon such bodies by statute o[r] the Arkansas Constitution." Id. at IV(A). The Agreement also provides that "[t]itle to fixed assets held by the constituent governmental units and used for library purposes at the time of the execution of this agreement shall remain unchanged. Additional assets may be acquired in the name of the Crawford County Library System." Id. at IV (B).
I cannot come to a conclusion about the status of the "Van Buren Library" for the purposes you describe without additional facts as to the library and its operations. I can only state that it appears to be a constituent library in a joint county-city library system. The proper treatment of its petty cash funds will depend upon all the facts surrounding the funds at issue. See generally, however, A.C.A. § 14-25-105 (governing disbursement of county petty cash funds) and A.C.A. § 14-59-106
(governing disbursement of municipal petty cash funds). Local counsel for the library system, who is in a better position to evaluate all the relevant facts, should be consulted to ensure compliance with applicable state law concerning the disbursement of petty cash.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: ECW/cyh